## COE v. SPOTTS.

(Supreme Court, Appellate Term.   June 21, 1912.)

1. WORK AND LABOR (§ 28*)—EVIDENCE—SUFFICIENCY.
   In an action for labor performed and materials furnished in the repair of an automobile, evidence *held* not to support a recovery.

   [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 17, 55; Dec. Dig. § 28.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—RECORD.
   The Appellate Term, on appeal from a judgment of the Municipal Court of the City of New York, cannot consider a contract, a copy of which is attached to the brief of appellant, which was excluded when offered in evidence in the Municipal Court, where the contract marked for identification below is not with the return.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Walter E. Coe, as receiver of the Zust Motor Company, against Ralph L. Spotts. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Kendall & Herzog, of New York City, for appellant.
Harry S. Stewart, of New York City, for respondent.

PER CURIAM. The plaintiff sues for labor performed and materials furnished in repairing an automobile for the defendant. The answer is a general denial, and the defendant relied upon two defenses: (1) That the work was not worth the amount claimed; and (2) that the work was done under a written contract, which required the plaintiff to keep the defendant's automobile in repair during the time in which the repairs charged for were done.

[1] The record is devoid of sufficient proof of the value of the services rendered or the value of the materials furnished to warrant the judgment for the amount rendered. It seems that the plaintiff sent a bill composed of many items to the defendant, but the values are not shown. Plaintiff offered in evidence several time cards showing the amount of work done, but none of these time cards are with the return.

[2] It appears that the defendant also offered in evidence a contract between the parties, evidently with a view of showing that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

work and materials charged for were furnished within the term fixed in the contract as that during which plaintiff had obligated itself to keep defendant's machine in repair. This contract was excluded, involving possible error, which we cannot determine, as the exhibit marked for identification is not with the return. What purports to be a copy is attached to appellant's brief, but such copy cannot be considered upon appeal. The interests of justice require a new trial.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.